### SEFFENS v. MURADIAN

1. AUTOMOBILES—CONSENT JUDGMENT—NOTICE.

Motion of Secretary of State to set aside consent judgment in action brought under the Motor Vehicle Accident Claims Act in which he did not intervene although he was served with copies of the summons and complaint as required by § 5 of the act *held*, erroneously denied where the Secretary of State was not given the notice of the proposed consent judgment required by § 8 of the act (MCLA §§ 257.1105, 257.1108).

2. AUTOMOBILES—NOTICE—CONSENT JUDGMENT—MOTOR VEHICLE ACCIDENT CLAIMS ACT.

The Motor Vehicle Accident Claims Act expressly requires that the Secretary of State be given notice of proposed consent judgments in actions brought under the Motor Vehicle Accident Claims Act and a notice of commencement of action by service is not a substitute or alternative to the required notice of a proposed consent judgment (MCLA §§ 257.1105, 257.1108).

Appeal from Oakland, William John Beer, J. Submitted Division 2 April 14, 1969, at Lansing. (Docket No. 5,094.) Decided May 28, 1969.

---

REFERENCE FOR POINTS IN HEADNOTES

[1, 2]   30A Am Jur, Judgments §§ 638, 639, 847.

Complaint by Lawrence G. Seffens and Betty Seffens against Richard Muradian and Patricia Lynn Muradian for personal injuries and property damage resulting from an automobile collision. Judgment for plaintiffs. The Secretary of State intervened and moved to set aside the judgment. Motion denied. The Secretary of State appeals. Reversed and remanded.

*Paul G. Valentino,* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Joseph B. Bilitzke,* Assistant Attorney General, and *Alan Walt,* Special Assistant Attorney General, for the Secretary of State.

BEFORE: McGREGOR, P. J., and R. B. BURNS and DANHOF, JJ.

DANHOF, J. This appeal involves the interpretation of the provisions of PA 1965, No 198, § 8 (MCLA § 257.1108 [Stat Ann 1968 Rev § 9.2808]), known as the Motor Vehicle Accident Claims Act. An amendatory act, PA 1968, No 223, was adopted after the occurrence of the events giving rise to this appeal and does not affect our decision herein.

Appellant, Secretary of State, director of the Motor Vehicle Accident Claims Fund, was served with copies of the summons and complaint as required by § 5* of the aforementioned act, but he did not intervene in the suit in the action in circuit court. On November 13, 1967 a consent judgment was filed and on November 17, 1967 the Secretary of State received the consent judgment and assignment thereof

---

* MCLA 1969 Cum Supp § 257.1105 (Stat Ann 1968 Rev § 9.2805).

which constituted his first notice with regard to the consent judgment.

The Secretary of State then moved to set aside the judgment and from the denial of said motion he appeals relying on § 8 of the Motor Vehicle Accident Claims act which read, at the time invloved, as follows:

"Sec. 8. (1) Section 7 does not apply in the case of a judgment entered in an action in which the defendant did not enter an appearance, did not file an answer, or did not appear in person or by counsel at the trial, or judgment was entered upon the consent or with the agreement of the defendant, unless the secretary has been given notice of the failure, consent or agreement and has been afforded an opportunity to take such action as he may deem advisable under subsection (2).

"(2) *Where the secretary receives notice under this section,* he may enter an appearance within 30 days, file an answer, make payment into court, appear by counsel at the trial or take such other action as he may deem appropriate on behalf and in the name of the defendant, and thereupon, on behalf and in the name of the defendant, may conduct his defense, and may consent to judgment in such amount as he may deem proper in all the circumstances, and all acts done in accordance therewith shall be deemed to be the acts of the defendants. (Emphasis supplied.)

"(3) Where pleadings have been closed, the secretary, upon giving notice to the court and to all proper parties to the action that he intends to defend the action on behalf and in the name of the defendant, may reopen the pleadings upon praecipe.

"(4) In any action to recover damages arising out of the use or operation of an uninsured motor vehicle any settlement made between the plaintiff and defendant shall not be binding upon the secretary or the fund unless the secretary consents thereto."

The circuit court judge in ruling upon the motion to set aside the judgment said,

"Now, then, here is the reason for this denial:

"As I interpret this act, if the State desires to be heard, they must do more than just await silently the outcome and then noting the outcome desire at that time to be heard.

"They were served as required by this act. They had all reasonable notice. And I think when the judicial branch of government calls upon the executive branch of government, as it was called upon in this case, to look after its interests, it certainly comes too late at this time post-judgment."

This Court holds that as a matter of law the circuit judge erred in denying appellant's motion for the reason stated. In our opinion § 8 expressly requires that notice of consent judgments be given the Secretary of State. A § 5 notice by service is not a substitute or alternative to the notice required by § 8. We construe § 8 as requiring that the Secretary of State, as director of the fund, be given notice of a judgment entered upon the consent of the defendant, and afforded an opportunity to take such action as he may deem advisable under subsection (2).

Reversed and remanded for additional proceedings not inconsistent with this opinion.

All concurred.